Charles E. Cooney and Josephine Q. Cooney v. Commissioner.
Cooney v. Commissioner
Docket No. 106419.
United States Tax Court
1942 Tax Ct. Memo LEXIS 94; 1 T.C.M. (CCH) 55; T.C.M. (RIA) 42589; November 9, 1942
*94 Laurence Sovik, Esq., 930 University Bldg., Syracuse, N. Y. for the petitioners. Harold D. Thomas, Esq., for the respondent. STERNHAGEN Memorandum Opinion STERNHAGEN, J.: A deficiency of $2,187.69 in 1938 income tax resulted from the disallowance of a deduction for loss in the sale of securities. The petitioners are husband and wife and reside in Syracuse, New York. The wife in 1929 pledged certain shares with The Salt Springs National Bank of Syracuse as collateral security upon a demand note for $40,500, and the note contained the usual authorization upon default to sell the collateral. In 1938, the bank was in the hands of a receiver and he, acting under the authority, sold the shares in question to the husband. The evidence does not properly contain the necessary cost and selling price of the shares, although a purported copy of a letter from a revenue agent (not a statutory notice of deficiency) is appended to the petition, and in a statement attached thereto it is said that a claimed loss of $9,603.96 is disallowed because the sale constituted a transaction between husband and wife specifically disallowed by section 24 (a), Regulations 101. However, it is clear that the loss, *95 if such there was, was from a sale, directly or indirectly, between members of a family as defined in paragraph (2) (D) of section 24 (b), Revenue Act of 1938. This is no less so because the sale was carried out by the pledges and not directly by the wife who owned the shares. Compare ; affirmed ; , dismissed . The deduction was correctly disallowed. Decision will be entered for the respondent.